IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| COLONY INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | Case No.:_____ |
| SEAN LOUGHLIN, ANTONIO GONZALEZ, KENNETH ADAMS, AMERISAVE MORTGAGE CORP, NOVO APPRAISAL MANAGEMENT CORP, AND PATRICK MARKERT | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

PLAINTIFF, Colony Insurance Company, sues the Defendants, Sean Loughlin, Antonio Gonzalez, Kenneth Adams, Amerisave Mortgage Corp., Novo Appraisal Management Corp, and Patrick Markert, and alleges:

## PARTIES

1. At all times material hereto, Plaintiff, Colony Insurance Company, ("Colony"), was a foreign corporation organized and existing under the laws of the state of Virginia, with its principal place of business located in San Antonio,

1

Texas. For purposes of diversity, Colony is a citizen of and domiciled in both Virginia and Texas. At all times material hereto, Colony was authorized to write insurance in the state of Georgia, and conducted business, *inter alia,* in and around the city of Atlanta, Fulton County, Georgia.

2. At all times material hereto, Sean Loughlin, ("Loughlin"), was an adult over the age of 21 residing and domiciled in Marietta, Cobb County, Georgia.

3. At all times material hereto, Antonio Gonzalez, ("Gonzalez"), was an adult over the age of 21, residing and domiciled in the city of Atlanta, Fulton County, Georgia.

4. At all times material hereto, Kenneth Adams, ("Adams"), was an adult over the age of 21, residing and domiciled in the city of Kennesaw, Cobb County, Georgia.

5. At all times material hereto, Amerisave Mortgage Corp, ("Amerisave") was a corporation organized and existing under the laws of the state of Georgia, with its principal place of business in the city of Atlanta, Fulton County, Georgia. Amerisave was both a citizen of and domiciled in the State of Georgia.

6. At all times material hereto, Novo Appraisal Management Corp, ("Novo"), was a corporation organized and existing under the laws of the state of Florida with its principal place of business located in the city of Atlanta, Fulton County, Georgia. For purposes of diversity, Novo is therefore a citizen of and domiciled in the states of Georgia and Florida.

7. At all times material hereto, Patrick Markert, ("Markert"), was an adult over the age of 21, residing and domiciled in the city of Atlanta, Fulton County, Georgia.

## JURISDICTION AND VENUE

8. This is an action for Declaratory Judgment pursuant to Fed. R. Civ. P. 57, and 28 USC §2201, et seq.. An actual case and controversy of a justiciable nature exists between Colony and the Defendants, involving the rights, duties and obligations, if any, of the parties under an insurance policy (the "policy") issued by Colony to Defendant, Novo Appraisal Management Corporation. A complete copy of the policy is attached hereto as Exhibit "A."

9. This Court has jurisdiction both with respect to diversity and the amount in controversy, pursuant to 28 USC §1332, as all of the Defendants are diverse from the Plaintiff and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10.     Venue is proper in the United States District Court for the Northern District of Georgia pursuant to 28 USC §1391, because the acts which form the basis for this action took place in and around the city of Atlanta, Georgia, and relate to a business conducted by Novo in the city of Atlanta, Fulton County, Georgia. The Atlanta Division is the appropriate division of this Court, under L.R. 3.1 B(1), N.D. Ga., because one or more defendants reside in this Division.

## FACTUAL ALLEGATIONS

11.     Sean Loughlin, Antonio Gonzalez, and Kenneth Adams, on behalf of themselves and all others similarly situated, have filed suit against Amerisave Mortgage Corp, Novo Appraisal Management Corp and Patrick Markert in the US District Court for the Northern District of Georgia, Atlanta Division, case number 1:14-CV-03497-LMM-LTW. A copy of the Second Amended Class Action Complaint filed by Loughlin, Gonzalez, and Adams is attached hereto as Exhibit "B." For convenience, the pleading will be referred to as the "class action complaint."

12.     The class action complaint contains two counts, alleging violations of RESPA §8(a), 12 USC §2607(a), and violation of RESPA §8b, 12 USC §2607(b). In summary, the class action complaint is based upon what is alleged to have been a relationship between Amerisave, Novo and Markert, pursuant to which

individuals who obtained mortgages through Amerisave were charged inappropriately high fees for "appraisal management services" provided by Novo, and were not informed that they had the ability to utilize other appraisal resources which were available on the open market. The Second Amended Class Action Complaint contains the following allegations, *inter alia*:

12. "Novo is Amerisave's affiliate and provides appraisal management services throughout the United States for Amerisave. . . ."

13. "Markert has a direct and/or indirect beneficial ownership interest in both Amerisave and Novo."

. . .

14. "Since at least January 2011, Amerisave has generally required its customers to use Novo for their home appraisal management Services, referring over 99% of its appraisal business to Novo."

. . .

16. "Amerisave did not adequately disclose its affiliated relationship with Novo and Market to consumers like Mr. Loughlin, Mr. Gonzalez, and Mr. Adams."

17. "Novo receives referrals from Amerisave, and then retains a real estate appraiser to conduct the appraisal and prepare the appraisal report. Once the appraisal is complete, Novo forwards the appraisal report to Amerisave."

18. ". . . Market set the price Novo charged Amerisave for appraisals and the base amount that Novo paid appraisers. Markert received shareholder distributions from Novo during 2011, 2012, and 2013, most of which came from profits Novo generated from referrals from Amerisave.

. . .

22. "Amerisave, Novo, and Markert have an affiliated business arrangement for purposes of RESPA, 12 USC §2602 (7)."

. . .

24. ". . . Based on the ownership structure, through which Markert beneficially owns both companies, all fees assessed by Amerisave to consumers and then paid to Novo are 'fees, kickbacks, or things of value' pursuant to Section 8(a) of RESPA because Amerisave is financially rewarded for its referrals by the financial benefits accruing to its owners by any payments to Novo."

25. ". . . Amerisave, Novo, Markert, and their affiliates, in violation of RESPA, failed to disclose or adequately disclose their affiliated business arrangement prior to Plaintiffs paying for appraisals with Novo in order to obtain a loan from Amerisave."

26. "All three Plaintiffs were required by Amerisave to use Novo as 'appraisal management company' in connection with their loans."

. . .

29. "Amerisave did not adequately disclose to consumers like Mr. Gonzalez and Mr. Adams that this $100 'appraisal review fee' to Novo was in essence a kickback to Amerisave, since Markert was beneficial owner of both entities."

. . .

43. "Plaintiffs bring this action on behalf of themselves and all current and former customers of Amerisave and Novo who have been harmed by the practices of Amerisave, Novo, Markert and their affiliates as described herein."

. . .

> 45. "All claims arise from Amerisave, Novo, Markert and their affiliates' violations of RESPA."
>
> . . .
>
> 56. "Novo has given, and Markert and his affiliates (also the beneficial owners of Amerisave) have accepted, a thing of value, in the form of profit distributions from Novo, pursuant to the agreement or understanding that appraisal management services involving federally related mortgage loans of Amerisave consumers would be referred to Novo, in violation of §8(a) of RESPA."
>
> . . .
>
> 68. "As described above, Amerisave charged many consumers who closed a loan with Amerisave a $100 'appraisal review fee.' Although the fee may have been assessed by Amerisave and then paid to Novo, in reality, the $80+ of pure profit generated by this fee was siphoned from Novo to Markert (as beneficial owner of the referring entity, Amerisave) and his affiliates. The fee was split in clear violation of RESPA.

13. Colony Insurance Company issued an Errors and Omissions policy to Novo Appraisal Management Corporation covering the period from July 15, 2014 to July 15, 2015, bearing policy number EO1000246. A complete copy of the policy is attached as Exhibit "A." Among its other provisions, the Colony policy contained endorsement ME73–0512, entitled "Exclusion–Specific Person or Entity," which provides in pertinent part:

> Section I–Coverages, 2. Exclusions is amended by the addition of the following:

7

>   This policy does not apply to any "claim" based upon, arising out of, attributable to, or in any way related to, directly or indirectly, any demand for monetary "damages", lawsuit, arbitration or administrative proceeding brought by, on behalf of, against or pertaining to, the below-listed persons or entities, including their heirs, successors in interest, affiliates, subsidiaries or natural persons who were, now are or shall be employed by or affiliated with such listed persons or entities:
>
>   Amerisave Mortgage.

14. The Colony policy also contains, *inter alia*, the following specific exclusions:

>   2. Exclusions
>
>   This policy does not apply to any "claim":
>   . . . .
>   b.  Based upon or directly or indirectly arising from any insured's "professional services" for:
>       . . . .
>       (2) Any entity not named in the Declarations which is or was operated, managed or owned, in whole or in part, by any insured or the named insured's parent company or any affiliated, subsidiary or associate company;
>       . . . .
>   k.  Based on or directly or indirectly arising out of or resulting from:
>       . . . .
>       (2) The gaining by any insured of any personal profit, gain or advantage to which the insured is not legally entitled; or
>
>       (3) Any criminal, fraudulent or dishonest act; . . . .
>       . . . .

8

   m. For payment of any fine, sanction or penalty of any nature against the insured;

15. Novo and Markert have sought coverage for the class action under the policy. In response, Colony has offered to defend Novo and Market subject to a reservation of rights, including a reservation to contest coverage on the basis of the provisions identified above.

### COUNT I – REQUEST FOR DECLARATORY JUDGMENT

16. Colony realleges the allegations contained within paragraphs 1–15 as though repeated verbatim herein.

17. Colony contends that the allegations contained within the Second Amended Class Action Complaint, attached hereto as Exhibit "B," fall squarely within the policy's "Exclusion–Specific Person or Entity" endorsement quoted above, and consequently that the Colony policy provides absolutely no coverage to Novo for the claims asserted against it in the class action complaint.

18. Upon information and belief, Defendants disagree with Colony's position regarding coverage, and on the contrary contend that the policy attached hereto as Exhibit "A" does provide coverage to Novo for the allegations contained within the class action complaint.

19. In addition, Colony contends that Exclusions b(2), k(2), k(3), and/or m, may also apply to preclude coverage under the policy, in whole or in part. Upon information and belief, Defendants disagree with Colony's position regarding the coverage provided or not provided as a result of those exclusions.

20. Colony is in doubt as to its rights under the policy of insurance it issued to Novo. There is a genuine dispute between the parties which is amenable to resolution by this Court, and this Court therefore has jurisdiction over both the persons and the subject matter of this action.

WHEREFORE, COLONY INSURANCE COMPANY moves this Court for entry of a Declaratory Judgment, finding that the policy of insurance issued by Colony to Novo provides no coverage whatsoever for the claims which are the subject of the Second Amended Class Action Complaint filed by Sean Loughlin, Antonio Gonzalez, and Kenneth Adams, and for such other relief as this Court deems appropriate.

Respectfully submitted this 15th day of September, 2015.

        **CLYDE & CO US LLP**

        By: <u>s/ Scott F. Bertschi</u>
        Scott F. Bertschi (Ga. Bar 055716)
        scott.bertschi@clydeco.us
        271 17th Street NW
        Suite 1720
        Atlanta, Georgia 30363
        Tel:  (404) 410-3150
        Fax:  (404) 410-3151

        **ATTORNEY FOR PLAINTIFF COLONY INSURANCE COMPANY**